349 Mass. 699 (1965)
212 N.E.2d 464
JAMES A. JENKINS
vs.
GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LIMITED.
Supreme Judicial Court of Massachusetts, Suffolk.
October 7, 1965.
December 7, 1965.
Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.
Monto Rosenthal for the plaintiff.
Philander S. Ratzkoff for the defendant.
SPIEGEL, J.
This is an appeal by a third-party plaintiff (Jenkins) from orders sustaining the answer in abatement *700 and a demurrer of the General Accident Fire and Life Assurance Corporation, Limited (Corporation) to Jenkins' third-party declaration.
One Ronald J. Hale brought an action against Jenkins to recover for personal injuries which Hale alleged he received while a passenger in Jenkins' car. Jenkins moved to implead the Corporation under G.L.c. 231, § 4B, which provides in pertinent part as follows: "a defendant ... may, as third-party plaintiff, enter a writ and have served a summons and third-party declaration upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."
In count 1 of his declaration Jenkins alleged that the Corporation issued a policy to him in which it agreed to pay "all sums which the insured shall become legally obligated to pay as damages because of bodily injury, ... sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the motor vehicle." Jenkins also alleged that the Corporation broke its agreement to "defend any suit against the insured seeking damages payable under the terms of this policy.... Wherefore Jenkins says the defendant company is legally liable for all sums which Jenkins shall become legally obligated to pay as damages to Hale because of bodily injuries to him, and for the expense of legal fees and disbursements incurred and to be incurred in connection with the defense of the action by Hale."
In count 2 of his declaration Jenkins repeated in substance the factual allegations contained in count 1 and alleged further that the Corporation in bad faith "totally ignored" a settlement offer of $4,500[1] despite an auditor's finding of gross negligence on the part of Jenkins and damages of $29,700.
The Corporation's demurrer states that Jenkins' declaration does not state a legal cause of action; that the allegations "are insufficient in law to enable the plaintiff *701 to maintain his action"; that "the court is without jurisdiction of the subject matter of this claim under G.L.c. 231, § 4B"; and that "the declaration does not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action."
The Corporation's answer in abatement states substantially the same grounds as are set forth in its demurrer.
Jenkins contends that the statute permits the impleading of an insurer. The statute on its face does not exempt insurers from its provisions. Impleading the insurer reduces duplication of actions because the question of coverage involves many of the fact issues essential to the determination of liability for negligence. Where coverage is found, collateral estoppel prevents the insurer from relitigating the issues. If the court finds no coverage, stare decisis deters further actions.
The Corporation argues that the statute does not apply to insurers because impleading prejudices the insurer. But where the prejudicial effect outweighs the advantages, a judge may sever the cases. See Fanciullo v. B.G. & S. Theatre Corp. 297 Mass. 44, 51; Boyajian v. Hart, 312 Mass. 264, 266. Cf. Collins v. Godfrey, 324 Mass. 574, 579; G.L.c. 213, § 3. Therefore, we conclude that the statute permits defendants to implead their insurers.
The Corporation also argues that Jenkins could not implead it because of a policy provision which states: "No action shall lie against the corporation unless ... the amount of the insured's obligation to pay shall have been finally determined.... [N]or shall the corporation be impleaded by the insured or his legal representative."
If given effect, such a provision would nullify the intent of the Legislature in enacting the impleader statute; for the purpose of the statute is to avoid multiplicity of actions. The Corporation cannot by means of a contract between the parties limit the court's right to determine whether the Corporation is liable to the insured for a claim against the insured until there has been a final judgment on that claim. See Jordan v. Stephens, 7 F.R.D. 140, 142 *702 (W.D. Mo.); Irvin v. United States, 148 F. Supp. 25, 32 (D.S. D.). Nor can the parties prevent prosecution of the cause by agreeing that the Corporation cannot be impleaded. See Nashua River Paper Co. v. Hammermill Paper Co. 223 Mass. 8, 16.
With regard to count 2 of his declaration Jenkins contends that the Corporation has a duty to act in good faith in determining whether to settle or to try the case. See Murach v. Massachusetts Bonding & Ins. Co. 339 Mass. 184. The Corporation argues that it has no duty to settle a case which it refuses to defend because in that situation an insured can recover from the insurer for a reasonable settlement. But this argument ignores the situation where an insured may not have sufficient assets with which to reach a settlement. In such a case, an insurer cannot reduce its obligations by a willful breach of its contract. The Corporation still has a duty to consider in good faith an offer for settlement. See Communale v. Traders & Gen. Ins. Co. 50 Cal.2d 654, 660.
Jenkins also contends that no allegations regarding ability to pay a judgment need be made. We agree. An insured may be damaged by the effect on his credit of an outstanding claim where he cannot pay it. In addition, if solvency is required in order to sue for damages, an insurer is likely to be less responsive to its duty to act in good faith toward an insured who cannot pay the judgment. Alabama Farm Bureau Mut. Cas. Ins. Co. v. Dalrymple, 270 Ala. 119. Southern Fire & Cas. Co. v. Norris, 35 Tenn. App. 657. The Corporation argues that no injury is done to the insured "unless ... [he] pays the excess judgment," and cites Harris, Trustee in Bankruptcy v. Standard Acc. & Ins. Co. 297 F.2d 627 (2d Cir.),[2] in support of its position. That case is distinguishable. It involved the reversal of an excess judgment in favor of an insured who was insolvent prior to judgment. The court, attempting to apply New York law, drew an analogy to the disallowance of damages for medical expenses where the *703 injured person is insolvent. This court, however, awards damages in that situation. Sibley v. Nason, 196 Mass. 125, 131. See Arwshan v. Meshaka, 288 Mass. 31, 34. Despite some conflict in earlier cases,[3] the weight of authority is that it is not necessary for the insured to allege that he has paid or will pay a judgment in excess of the policy limits in an action against the insurer for breach of its duty to act in good faith. Lee v. Nationwide Mut. Ins. Co. 286 F.2d 295 (4th Cir.). Wessing v. American Indem. Co. 127 F. Supp. 775. Alabama Farm Bureau Mut. Cas. Ins. Co. v. Dalrymple, supra. Farmers Ins. Exch. v. Henderson, 82 Ariz. 335. Brown v. Guarantee Ins. Co. 155 Cal. App.2d 679. Henke v. Iowa Home Mut. Cas. Co. 250 Iowa, 1123. Southern Fire & Cas. Co. v. Norris, supra. See Murray v. Mossman, 56 Wash.2d 909.
We are of opinion that each of the counts states substantive facts with sufficient conciseness and certainty to enable the plaintiff to maintain this action. Accordingly the orders sustaining the answer in abatement and the demurrer are reversed and the answer in abatement and the demurrer are to be overruled.
So ordered.
NOTES
[1] It was also alleged that the limit of coverage under the policy was $5,000. REPORTER.
[2] A dissenting opinion was filed by Smith, J.
[3] State Auto. Mut. Ins. Co. v. York, 104 F.2d 730 (4th Cir.). Dumas v. Hartford Acc. & Indem. Co. 92 N.H. 140. Universal Auto. Ins. v. Culberson, 126 Texas, 282. Compare Schwarts v. Norwich Union Indem. Co. 212 Wis. 593.