MARION RAY BROWN, Admr., Plaintiff-Appellant, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE ASSOCIATION, Defendant-Appellee.

(No. 11399; )

Fourth District—August 3, 1971.

Richard K. Bates, of Danville, for appellant.

Phillips, Phebus & Tunnelson, of Urbana, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The issue upon this appeal is whether an insured's cause of action against his insurer for bad faith in failing to settle within the liability policy limits can be assigned to the insured's judgment creditor. The trial court dismissed plaintiff's suit upon the ground that plaintiff acquired no legal right to bring this action.

Brown, as Administrator, recovered a judgment against Sam Nale, Administrator of Rose Nale, in the amount of $40,000.00. Defendant had issued an automobile liability policy for Nale in the amount of $20,000.00. After extensive discovery, Brown offered to settle with defendant for the policy limit. The offer was refused and no counter offer made. Defendant paid $20,000.00 on the judgment. Brown, as Administrator, brought a citation to discover assets against the estate of Rosemary Nale. The court, in that proceeding, found that the only assets were $5,500.00, and a potential chose in action which Sam Nale, as Administrator of Rosemary Nale, had against defendant for "bad faith" in failing to settle the lawsuit within the Nale policy limits. The circuit court ordered Sam Nale, as Administrator, to pay the $5,500.00 on the judgment and to assign to plaintiff herein the "bad faith" cause of action. Thereafter, the Administrator of Rosemary Nale assigned the "bad faith" cause of action to plaintiff, reserving the right to obtain for the heirs of Rosemary Nale all sums received over $14,500.00, attorneys fees and costs.

Our courts have held that an insurance company may so conduct itself as to become liable for an entire judgment recovered against its insured, irrespective of the policy limits. *Olympia Fields Club v. Bankers Indem. Ins. Co.,* 325 Ill.App. 649, 60 N.E.2d 896; *Cernocky v. Indemnity Ins. Co. of N. America,* 69 Ill.App.2d 196, 216 N.E.2d 198. We have also held that the entry of the judgment against the insured constitutes the damage and that it is not necessary that the insured allege payment of the excess judgment. *Wolfberg v. Prudence Mut. Cas. Co. of Chicago,* 98 Ill.App.2d 190, 240 N.E.2d 176.

The courts of Pennsylvania, Oregon, California and Kentucky have held that the cause of action is assignable: *Gray v. Nationwide Mutual Insurance Company,* 422 Pa. 500, 223 A.2d 8; *Gedion v. State Farm Mutual* (D.C. Pa. 1966), 261 F.Supp. 122; *Grace v. Fidelity Ins. Co.* (Ore. 1968), 448 Pac.2d 554; *Communale v. Traders and General Ins. Co.* (1958), 50 Cal.2d 654, Pac.2d 198; *Brown v. Guarantee Ins. Co.,* 155 Cal.App.2d 679, 319 Pac.2d 69; *State Farm Mutual v. Marcun* (Ky. 1967), 420 S.W.2d 113; *Terrell v. Western Casualty and Surety Co.* (Ky. 1968), 427 S.W.2d 825. Connecticut by statute subrogates the injured

party to all rights of the insured: *Turgeon v. Shelby Mutual Plate Glass and Casualty Co.* (D.C. Conn. 1953), 112 F.Supp. 355.

The situation in Texas is somewhat complicated by the fact that under Texas law the insured party must first satisfy the judgment in order to have a right of indemnity against the insurer. *Seguros Tepeyac S.A. v. Brostrom* (U.S.C.C.A. 5th), 347 F.2d 168. However, Texas apparently recognizes assignability in principle. In *Smith v. Transit Casualty Co.* (D.C. Texas 1968), 281 F.Supp. 661, the court stated that while the action sounds in tort, it also violates an implied contractual warranty to exercise care for the insured's interest and is therefore assignable.

Most of the cases cited by the defendant to establish that certain states deny assignability, *i.e.*, Delaware, Washington, New Jersey, Colorado, Missouri, Georgia, New Hampshire, Utah and Kentucky do not, in fact, involve an assignment but rather an attempt at direct suit without assignment. *Chittick v. State Farm Mutual* (D.C. Del. 1958), 170 F.Supp. 276, did not involve an assignment and a claim based upon subrogation was denied. *Murray v. Mossman* (Wash. 1960), 355 Pac.2d 985, did not involve an assignment and the court said, p. 988: "The appellants are trying to enforce a chose in action for Mossman, which Mossman does not believe exists or is unwilling to enforce". In *Biasi v. Allstate Ins. Co.* (N.J. 1969), 249 A.2d 18, there was no assignment, and the insured refused to join in a suit against the insurance company. In *Steen v. Aetna Casualty Co.* (Colo. 1965), 401 Pac.2d 254, no actual assignment was mentioned. *Wessing v. American Indemnity Co. of Galveston, Texas* (W.D. Mo. 1955), 127 F.Supp., involved no claim or assignment. *Francis v. Newton* (Georgia 1947), 43 S.E.2d 282, was a direct garnishment suit with no assignment involved. The court found there was no claim of negligence or bad faith and no evidence to warrant finding of violation of duty by the insurer. In *Duncan v. Lumberman's Mutual Cas. Co.* (N.H. 1941), 23 A.2d 325, there was no specific authorization for suit by the injured party, and there was also a pending suit by the insured against the insurer. *Paul v. Kirkendall* (Utah 1957), 311 Pac.2d 376, held that the matter could not be adjudicated in a garnishment proceeding. The insured was in Arabia at the time of suit, and the court said, p. 378: "The insured is not here complaining of any act or omission on the part of the garnishee by which he claims to have been damaged". *Tabben v. Ohio Casualty Co.* (E.D. Ky. 1966), 250 F.Supp. 853, had no allegation of assignment. We have cited above two Kentucky cases where assignability was recognized.

The Tennessee cases cited by defendant are based upon the view of

the Tennessee courts that insured's cause of action does not survive, and therefore is nonassignable. *Carne v. Maryland Casualty Co.* (Tenn. 1961), 346 S.W.2d 259; *Dillingham v. Tri State Ins. Co.* (Tenn. 1964), 381 S.W.2d 914. We do not agree as to non-survival of insured's cause of action. *Wolfberg v. Prudence Mut. Cas. Co. of Chicago,* 98 Ill.App.2d 190, 240 N.E.2d 176, was an action by the estate of an insured. We would find no policy reasons which would favor permitting an insurer to escape liability because of the accident of death of the insured. We think such a holding would militate against the policy of requiring the insurer to exercise good faith in settling claims in every case where the insured died.

The New York decision cited, *Browdy v. State Wide Ins. Co.,* 56 Mis.2d 610, 289 N.Y.S.2d 711, is based upon a theory that the injured party has no complaint because having in all cases recovered the greater of his offer to settle, or the policy limit, he is not aggrieved by the refusal to settle. We do not consider this reasoning sound, nor considering the cost of litigation, do we consider it true in all cases that the injured party is not damaged financially by an unreasonable refusal to settle.

Defendant cites *Yelm v. Country Mut. Ins. Co.,* 123 Ill.App.2d 401, 259 N.E.2d 83 and *Powell v. Prudence Mut. Cas. Co.* (1967), 88 Ill.App.2d 343, 232 N.E.2d 115, as denying liability in direct suit. No assignment is involved in either case. The *Prudence* case was primarily based upon the rule that garnishment is not the proper remedy for contingent and unliquidated claims.

Two other objections to allowance of assignability are advanced by the defendant. The first is that the insurance policy forbids assignment without the consent of the insurer. Such provision against assignment has been held not to bar the assignment of the cause of action after the loss has occurred: *Ginsburg v. Bull Dog Auto Fire Ins. Ass'n.,* 328 Ill. 571, 160 N.E. 145. The second reason advanced is that permitting assignability would increase the tendency to collusion between the insured and the injured party. The potention for collusion is not increased by holding that the cause of action is assignable after judgment. Collusion in respect to liability is, of course, a direct violation of the non-cooperation clauses of insurance policies, and if established is a defense to the insurer's liability.

The right of action in the insured, if any exists, arises out of the fact that by contract the insurer takes charge of the defense of the litigation, and of possible settlement. While the action may in aspect sound in tort, it also arises out of the insurance contract. By reason of its assumption

of control of the litigation, the insurance company undertakes a duty to treat the insured fairly. When the suit is in excess of the policy the insurer may, by deciding to continue litigation, expose the insured to a far greater risk than it takes. The duty to exercise good faith arises from the contractual assumption of control of the litigation.

If anything is to be determined by comparison of survival statutes, the Illinois Statute on actions which survive is very broad, Ill. Rev. Stat. 1969, ch. 3, § 339. The statute includes actions for injury to real or personal property, conversion of personal property, fraud and deceit and actions for injury to the person (except slander and libel). Contract actions survive at common law.

We find no valid reason in public policy why the cause of action should not be assignable.

We do not determine the actual existence or non-existence of a cause of action under the circumstances that may be established in this case. Neither have we examined the allegations to determine whether a proper cause of action has been stated. We hold that the cause of action, if it exists, may be brought by the assignee of the insured.

The judgment of the circuit court is reversed and the cause is remanded with directions to vacate the judgment entered, and to proceed as may be appropriate.

Reversed and remanded, with directions.

SMITH, P. J. and CRAVEN, J., concur.