ILA M. BROWNING, Plaintiff-Appellant, *v.* HERITAGE INSURANCE COMPANY, Defendant-Appellee.

(No. 74-425;

Second District (2nd Division)—December 12, 1975.

Russell J. Goldman, of Rockford, for appellant.

Yalden & Ridings, of Rockford, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

The issue upon this appeal is whether plaintiff's complaint has stated a cause of action.

The facts giving rise to the original suit are detailed in the opinion of this court in the case of *Browning v. Johnson*, 132 Ill.App.2d 85 (abstract opinion). Briefly, plaintiff had been severely injured in an accident which occurred when defendant's insured came over the crest of a hill and started to pass a car going in the same direction. In pulling around this car, defendant's insured, Gordon T. Johnson, struck the car in which plaintiff was a passenger, which car was being driven in the opposite direction. There was evidence of evasive action by the drivers, and the impact occurred on the shoulder on plaintiff's side of the road. Plaintiff was 25 years old. It was undisputed that as a result of the accident she incurred a fracture of the humerus of the left arm, facial and body lacerations, a fracture of the jaw bone and temporary palsy on the left side of her face. Open reduction surgery had been performed. She had scars and permanent injuries. There was evidence of $1800 in medical and dental expenses. She was unable to work and had, at time of trial, lost 77 weeks' wages at $80 per week.

Plaintiff brought suit against defendant's insured demanding $50,000. The judgment on the verdict of $30,000 was affirmed by this court. $10,000, the insured's policy limit was eventually paid to plaintiff by the defendant herein. On appeal we stated, "In this case liability was clear."

After securing an assignment of Johnson's cause of action against his insurer (the defendant herein) plaintiff commenced this action.

In substance, the allegations of the complaint are that the defendant Heritage Insurance Company was guilty of negligence in the handling of the original lawsuit; that Heritage had been put on notice of the danger by a letter from Johnson's attorney; the letter advised defendant that its insured was liable and that the damages were well in excess of $10,000; that immediately prior to trial Heritage had offered to pay $9500; plaintiff countered with an offer to accept $9750 but Heritage refused and immediately proceeded with the trial which resulted in the $30,000 verdict on which $10,000 was paid; the assignment was attached as an exhibit; that the failure of Heritage to accept plaintiff's settlement offer of $9750 was negligent and wilful act on the part of Heritage thus exposing Johnson to damages in excess of the policy limits to the damage of plaintiff.

Count II realleges all the facts stated in Count I but charges that Heritage was guilty of fraud in the handling of the lawsuit.

Heritage moved to dismiss Count I setting out nine reasons:

1. It has allegations which are not material to the case.
2. Said allegations have to do with another case.
3. They are conclusions of law.

4. There are no allegations of fact sufficient to sustain a complaint.

5. There are no allegations of loss suffered by plaintiff.

6. The allegations are simply a view of what occurred in the earlier case.

7. It sets out an erroneous statement with reference to liability in average cases.

8. That paragraph 9 of the complaint states an erroneous statement of law.

9. That the complaint sets out no facts which would spell out fraud, deceit or negligence or a wilful disregard of the rights of others by its acts.

Heritage moved to dismiss Count II for all of the above reasons and because there are no alleged facts to substantiate the charge of fraud.

The court allowed the motion to dismiss and entered judgment for defendant. The trial court gave no reasons for striking the complaint, but undoubtedly it was because of a legal conclusion advanced by plaintiff in paragraph 9 of her complaint as follows:

"That the laws of the State of Illinois provide that in the event a policy holder instructs the insurance carrier to pay the total amount of coverage under the automobile insurance casualty policy and fails to do so, and a verdict or judgment is obtained in excess of the policy limit, the insurance carrier, such as in this case, becomes liable for the total amount of the verdict or judgment so obtained, which, in this case being $30,000.00, the insurance carrier, the Defendant herein, becomes liable for the $20,000.00, the unpaid portion of the verdict obtained herein."

■■ There is no precedent for this theory which would render the insurer liable per se to its assured. Quite to the contrary the insurer is simply held to a standard of reasonable conduct and avoidance of fraud, negligence and/or bad faith (as questions of fact for a jury, and upon which issue the insured has the burden of proof) in refusing a proffered settlement within policy limits. *Powell v. Prudence Mutual Casualty Co.*, 88 Ill.App.2d 343, 347, 348. Plaintiff has appealed.

■■ Section 45(2) of the Civil Practice Act provides that, "If a pleading * * * is objected to by a motion to dismiss * * *, because it is substantially insufficient in law, *the motion must specify wherein the pleading * * * is insufficient.*" (Emphasis supplied.) This statutory requirement is applicable to a motion attacking a complaint for failure to state a cause of action. *Gulf, Mobile & Ohio R.R. Co. v. Arthur Dixon Transfer Co.*, 343 Ill.App. 148, 151.) It is not sufficient to allege merely that the complaint does not state a cause of action, without pointing out

wherein it is defective so as to allow the party against whom the motion is directed an opportunity to cure the specified objection by amendment. (*Lee v. Conroy*, 13 Ill.App.3d 694, 696.) The motion does not lie if a good cause of action is stated, although not the one intended by plaintiff. Nichols, Illinois Civil Practice § 1413 (1961).

■■ Section 42(2) of the Civil Practice Act provides a test for defects of substance where a pleading is attacked, *i.e.*, that no pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim which he is called upon to meet. Under this test, allegations of legal conclusions and allegations of evidence constitute merely formal defects and not defects of substance. Nichols, § 1413.

■■ On a motion to dismiss a complaint for insufficiency, every intendment and fair inference is in favor of the pleading, and if under any aspect of the facts stated the plaintiff could recover, the motion should be denied. Nichols, § 1413; *Johnston v. Girvin*, 61 Ill.App.2d 47, 54; *Johnson v. North American Life & Casualty Co.*, 100 Ill.App.2d 212, 217; *Boyd v. Racine Currency Exchange, Inc.*, 8 Ill.App.3d 140, 146.

■■ An insurance company may so conduct itself as to be liable for an entire judgment recovered against its insured, irrespective of its policy limits. It is now fairly well settled in Illinois that conduct constituting fraud, or negligence, or bad faith[1] may render the insurer so liable for its failure to settle a case. If recovery may exceed the policy limits the insurer has the duty "to give to the insured's interests consideration, at least *equal* to that of its own." (*Cernocky v. Indemnity Insurance Co.*, 69 Ill.App.2d 196, 207; *Smiley v. Manchester Insurance & Indemnity Co.*, 13 Ill.App.3d 809, 812.) The entry of the judgment against the insured constitutes the damage and it is not necessary that the insured allege payment of the excess judgment. (*Wolfberg v. Prudence Mutual Casualty Co.*, 98 Ill.App.2d 190.) And further, the insured's cause of action against his insurer for failing to settle within the policy limits can be assigned to the insured's judgment creditor. *Brown v. State Farm Mutual Automobile Insurance Association*, 1 Ill.App.3d 47; Annot., 12 A.L.R. 3d 1158 (1967).

■■■ Where the cause of action arises out of a breach of duty owed by defendant to plaintiff, plaintiff must plead facts which disclose a duty to him and defendant's breach of that duty. The plaintiff must allege facts from which the law will raise a duty, and allege an omission of duty and a resulting injury. An allegation of duty, as such, is surplusage

---

[1] *Cernocky* on pages 205-06 defines bad faith as being unfaithful to the duty that is owed.

—if the facts stated raise the duty the allegation is unnecessary; if they do not, it is unavailing. If the complaint plainly and concisely alleged sufficient facts from which the law will raise a duty, and an alleged omission of duty, and an alleged proximately resulting injury it is sufficient as a matter of pleading. *Darling II v. Charleston Community Memorial Hospital*, 50 Ill.App.2d 253, 310, 311, *aff'd*, 33 Ill.2d 326.

Every tort action grounded in negligence requires the showing of (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, *i.e.*, a negligent act or omissions, which (3) proximately causes a (4) resulting compensable injury. *Fugate v. Sears, Roebuck & Co.*, 12 Ill.App.3d 656, 669.

In the instant case the facts alleged are such that (1) the law will raise a duty by the defendant to its insured (and to the plaintiff by virtue of the assignment); (2) a breach of that duty by refusing to negotiate when put on notice of the danger; (3) proximate cause is established if the injury is the natural and probable result of the negligent act or omission and one which an ordinarily prudent person ought to have foreseen as likely to occur as a result of his negligence (*Fugate*, at 669), and (4) facts were alleged showing the insured and the plaintiff injured in amount of $20,000 by defendant's conduct.

██ Although far from being a model[2] and containing surplus allegations which could have been stricken on a proper motion, we believe that Count I of the complaint alleged sufficient facts to state a cause of action as a matter of pleading. If the necessary facts appear in the complaint but are encumbered with unnecessary matter or are insufficiently stated, the motion should ask for a correction of the pleading by striking out specified immaterial matter and making the pleading more definite and certain in specified particulars.

██ As to Count II of the complaint charging fraud we agree that fraud cannot be made out by characterizing acts alleged to be done as fraudulently done. (*Hardy v. Bankers' Life & Casualty Co.*, 19 Ill.App.2d 75.) Fraud must be shown by allegations of facts from which fraud is the necessary or probable inference. *Nechanicky v. Morton Park Federal Savings & Loan Association*, 32 Ill.App.2d 444; 19 Ill.L.&Pr. Fraud §36 (1956).

Judgment is reversed and the cause remanded with directions to overrule the motion of defendant to dismiss Count I of the amended complaint.

Reversed and remanded.

RECHENMACHER, P. J., and T. MORAN, J., concur.

---

[2] See 14 Am. Jur Pleading and Practice Forms 619 (1971).