WILLIAM E. ROUNDTREE, Plaintiff-Appellant, *v.* WARREN BARRINGER, Adm'r of the Estate of John R. Harbarger, Deceased, Defendant-Appellee.

Fifth District    No. 79-644

Opinion filed January 21, 1981.

Burger, Fombelle, Wheeler & Dvorak, P. C., of Decatur (David A. Dvorak, of counsel), for appellant.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, and James T. Ferrini, of Chicago, for appellee Warren Barringer.

John Fribley, of Pana (William J. Voekler, Jr., and Rex K. Linder, of counsel), for appellee Charles E. Harbarger.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, William E. Roundtree, obtained a $75,000 judgment against the estate of John R. Harbarger for injuries sustained when the truck he was driving was struck by an automobile operated by John R. Harbarger,

deceased. The automobile decedent was operating was insured under a policy issued to Charles E. Harbarger, decedent's father, by the National Ben Franklin Life Insurance Company of Illinois. The liability limit of the policy was $50,000; and the insurer made a partial satisfaction of the judgment by paying plaintiff the policy limit of $50,000 plus the taxable costs and interest due and owing at the time of payment, October 15, 1979.

In order to recoup the remainder of the judgment, plaintiff commenced a supplemental proceeding against Warren Barringer, as administrator of decedent's estate, under the provisions of section 73 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 73). In accordance with the supplemental proceeding, plaintiff caused citations to discover assets to be issued to the administrator and the named insured. At the citation hearing plaintiff unsuccessfully moved to compel the cited parties to assign to him any cause of action defendant might have against the insurer for the remainder of the judgment in excess of the policy limits. Plaintiff alleged that such cause of action arose out of the insurer's negligence, fraud or bad faith in refusing to settle the claim within the policy limits. It is from the trial court's order denying the motion to compel the assignment of the potential cause of action that plaintiff appeals.

On appeal, plaintiff contends that section 73(2)(a) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 73(2)(a)) requires the court to order the requested assignment. Section 73(2)(a) provides in part:

"(2) When assets or income of the judgment debtor not exempt from execution, a deduction order or garnishment are discovered, the court may, by appropriate order or judgment:

(a) Compel the judgment debtor to deliver up, to be applied in satisfaction of the judgment, in whole or in part, money, choses in action * * * capable of delivery * * *."

Plaintiff relies on *Brown v. State Farm Mutual Automobile Insurance Association* (1971), 1 Ill. App. 3d 47, 272 N.E.2d 261, in urging that under section 73(2)(a), the court is required to compel assignment to an insured's judgment creditor of such insured's potential chose in action against his insurer for failure to settle a claim within policy limits. Thus, plaintiff contends that the trial court erred in the supplemental proceedings by not ordering defendant to make such an assignment.

In *Brown*, plaintiff recovered a judgment in the amount of $40,000 against Sam Nale, administrator of the estate of Rose Nale. Defendant insurance carrier paid $20,000 of the judgment, an amount representing the policy limits of liability of an insurance policy issued to Nale by defendant. Plaintiff then caused a citation to discover assets to issue against the estate of Rosemary Nale to recover the unpaid judgment. In

the citation proceeding the court found the estate's assets to consist of $5,500 and a potential chose in action which Sam Nale, as administrator, had against the insurance carrier arising out of bad faith in failing to settle plaintiff's claim within policy limits. Sam Nale, as such administrator, was ordered to pay $5,500 on the judgment and to assign the potential bad faith cause of action to plaintiff. Thereafter, as administrator of the estate of Rosemary Nale, Sam Nale assigned the cause of action to plaintiff, reserving the right to obtain for the heirs of Rosemary Nale all sums received in excess of $14,000, attorneys fees and costs. Plaintiff, as assignee of the insured, subsequently filed suit against defendant. This suit was dismissed by the trial court on the ground that plaintiff had no legal right to bring an action which was personal to the administrator of the estate of the insured. In reversing the dismissal of the action, the court of review held that plaintiff was not attempting to expand the insurance carrier's duty to negotiate a claim in good faith. The court there stated: "We hold that the cause of action, if it exists, may be brought by the assignee of the estate of the insured." (1 Ill. App. 3d 47, 51, 272 N.E.2d 261, 264.) The court also held that it was aware of no public policy consideration which would preclude the assignment of such a potential chose in action.

We consider *Brown* to be distinguishable from the case at bar in a fundamental respect. In *Brown*, although the trial court had ordered the defendant to assign the cause of action, defendant apparently voluntarily assigned the chose in action reserving all sums received in excess of $14,000 plus attorneys fees and costs. The court in *Brown*, in commenting on the cases relied upon by the defendant, distinguished the decision in *Murray v. Mossman* (1960), 56 Wash. 2d 909, 355 P.2d 985, because it did not involve an assignment. Significantly, in support of its decision, the court in *Brown* quoted from 56 Wash. 2d 909, 914, 355 P.2d 985, 988, in which the *Murray* court stated: "The appellants are trying to enforce a chose-in-action for Mossman, which Mossman does not believe exists or is unwilling to enforce." The instant case involves a similar attempt to enforce a cause of action which defendant either does not believe exists or is unwilling to enforce.

Courts of review of several States have held that the courts may not compel the involuntary assignment of choses of action in circumstances similar to the case at bar. Various rationale have been advanced as the basis for such refusal. Among them are the following: (1) that the judgment creditor has not been harmed but actually benefited from the insurer's refusal to settle within the policy limits by reason of the fact that it has received an excess judgment against the judgment debtor; (2) that if the maintenance of the type of action brought by plaintiff in this case

were sanctioned by the court, the insured would be deprived of his right to bargain with his judgment creditor for a release of liability in consideration of an assignment; and (3) that from a public policy standpoint, the maintenance of the instant proceeding would be contrary policy and would constitute a legally enforceable form of champerty.

We cannot endorse the decision in *Brown* if it may be said that the court there intended to sanction suits to force involuntary assignments of choses in action of the type involved in the instant case. We are of the opinion that public policy dictates that involuntary assignments of an insured's potential chose in action against his insurer for bad faith or negligence in the settlement of a claim should not be ordered by the court. Were it otherwise, a judgment creditor who has recovered a judgment in excess of policy limits would invariably proceed against his judgment debtor's insurance carrier in the hope that discovery during the suit would reveal grounds with which to sustain an action.

It should be recognized that there may be any number of reasons why an insured would prefer not to attempt to enforce any claim that he may have against another. If the instant proceeding may be maintained by an insured's judgment creditor, there would be no reason to prohibit such judgment creditor from proceeding against the insured's doctor or his attorney for malpractice or from using the provisions of section 73 of the Civil Practice Act to discover other potential choses in action not barred by the statute of limitations. The resultant fishing expeditions by judgment creditors could lead to champerty and an overburdening of the courts with specious lawsuits.

We affirm the order of the circuit court of Christian County which refused to order defendant to assign to plaintiff any potential chose in action defendant might possess against National Ben Franklin. In doing so we adopt the language in *Pringle v. Robertson* (1969), 258 Ore. 389, 393-94, 465 P.2d 223, 225-26, wherein the court stated:

"Plaintiff bears no more relationship to the insurance contract than does any other judgment creditor of the defendant. No duty was owed by the insurer to the plaintiff under the contract nor was plaintiff injured by the insurer's failure to settle. Therefore, plaintiff's only interest is that of a judgment creditor of the insured defendant. The plaintiff's judgment might just as well have resulted from defendant's failure to pay a note or from any other obligation. It is contrary to the policy of the law to permit a third party who has no direct interest in the cause of action to foster litigation of the kind involved here. Regardless of whether the claim is considered one in contract or in tort, the genesis of the claim is bad faith or negligence, or both. The law frowns upon third parties with no direct interest promoting litigation of this kind

for gain. This is the reason for the rules preventing champerty and maintenance.

In this case, defendant made no assignment of his claim, nor has he indicated in any other way that he approves or authorizes the accusations made by plaintiff against the insurer. If it is possible for plaintiff to garnish and then prosecute defendant's claim without an assignment or other indication by defendant that he wishes to prosecute the claim, any judgment creditor may do the same as to any alleged claim held by a judgment debtor which is based on negligence or bad faith, whether or not the judgment debtor wishes to prosecute it. The result would be a legally enforced form of champerty in actions which are based on fraud and negligence. The following quotation from Ammerman v. Farmers Insurance Exchange, 19 Utah 2d 261, 430 P.2d 576 (1967), is appropriate:

'* * * It is not the policy of the law to encourage litigation. Even if a party has been wrongfully injured there may be any number of personal reasons why he would prefer to let the matter drop than to bring a lawsuit. The privilege of deciding whether to do so should be up to him and not up to some third party to inject his interest into the matter.' 430 P.2d at 578."

Although *Pringle* was a garnishment action, we conclude that the reasoning of the court is equally applicable to proceedings under section 73 of the Illinois Civil Practice Act.

For the reasons stated above, we affirm the order of the circuit court of Christian County denying plaintiff's motion to compel the assignment of potential causes of action.

Affirmed.

JONES and KARNS, JJ., concur.