(41 Misc. Rep. 8.)

## LILLY v. PREFERRED ACCIDENT INS. CO.

(Supreme Court, Special Term, Kings County.  June, 1903.)

1. ACCIDENT INSURANCE—ACTION ON POLICY—COMPLAINT.

An accident policy provided for payment of $5,000 for a death caused by external, violent, and accidental means, and $12,000 if the injury was received while riding as a passenger in a public conveyance propelled by steam, electricity, or cable, the increase conditioned on the injury not resulting from an attempt to enter or leave such a conveyance. *Held*, that the complaint in an action to recover the $12,000 should allege that the injury did not so result.

2. SAME—AMENDMENT OF PLEADING.

Where, in an action on an accident policy, plaintiff demands money, and also the issue of a paid-up indemnity policy provided for by the original policy, but fails to allege that the accident did not occur while acting in breach of the conditions of the policy, but the evidence establishes such fact, the plaintiff will be allowed to amend the complaint to conform to the proof.

3. SAME—EVIDENCE.

Evidence in action on insurance policy *held* to sustain finding that insured was injured by falling from the train, and not while attempting to leave it when in motion.

Action by Fannie E. Lilly against the Preferred Accident Insurance Company.  Judgment for plaintiff.

Potter & Miner, for plaintiff.
Wilson & Wallis, for defendant.

GAYNOR, J.  The policy insured "against the effects of bodily injury caused solely by external, violent and accidental means"; and provided that in case death resulted therefrom, the beneficiary should receive $5,000, "Or, if the injury shall be received by the insured while riding as a passenger in or on a public conveyance propelled by steam, electricity or cable," $12,000; but that "the added benefits accruing under" this latter clause (i. e., the increase from $5,000 to $12,000) "shall not, however, be applicable to any injury which may result from an attempt to enter or leave any of the conveyances therein specified."  It also provided that in case of the payment of either of the said death benefits (i. e., whether $5,000 or $12,000) to the beneficiary, there should in addition be issued to her by the company a paid up policy for the payment to her of an indemnity of ten dollars a week for ten years.

There is first a question of pleading.  The complaint, after alleging the substance of the policy, alleges that the insured died of bodily injuries "caused solely by external, violent and accidental means," and "received while riding as a passenger in and on a public conveyance provided by a carrier of passengers for compensation and propelled by steam," viz., a passenger car of a steam railroad; and prays for a recovery of $12,000, and that the said paid up policy be issued to her.  There is no allegation that the injury was not the result of attempting to enter or leave the car, which the policy requires shall be the case to allow of a recovery of $12,000 instead of $5,000.

¶ 1. See Insurance, vol. 28, Cent. Dig. § 1601.

The answer denies the allegation of the complaint as to how and where the insured was injured and came to his death, and raises no other issue.

Did the complaint need to allege that the injury was not the result of an attempt by the insured to enter or leave the conveyance, in order to recover the $12,000, or was that an issue to be raised by a "defence" pleaded in the answer?

The issue made by the pleadings embraced all injuries from external, violent and accidental means (including any received as a result of attempting to enter or leave any kind of public conveyance), and thus presented a case for the recovery only of $5,000 within the terms of the policy, for that sum is recoverable wherever and however the external accidental violence was received.

In order to recover the $12,000 instead of $5,000, it was necessary for the complaint to allege, as it does, that the injury was received by the insured while riding as a passenger in or on one of the public conveyances specified in the policy, for the policy makes that fact essential. But that fact alone is not sufficient, for by the terms of the policy a recovery cannot be had for the $12,000 if the injury resulted "from an attempt to enter or leave" the conveyance. The contract is not enlarged so that $12,000 instead of $5,000 can be recovered for death by all manner of such injuries received while riding as a passenger in or on such a public conveyance, but only by such injuries provided they are not received as the result of attempting to enter or leave such conveyance. It was therefore for the complaint to allege an injury not within the excluded or excepted kind. Every accidental injury by external violence received while riding in or on the public conveyances specified as a passenger was not by the contract insured against to the extent of $12,000, instead of $5,000, but only certain kinds of injuries. Very much the largest class, as we all know, viz., those received as a result of attempting to enter or leave them, were not so insured against, but excluded; they were insured against to the extent of $5,000 only. It was for the complaint to allege an injury insured against to the extent of $12,000, in order to state a cause of action for that sum; otherwise it would state a cause of action for $5,000 only.

It was not for the defendant to plead as a "defence," and thus assume the burden of proving by a preponderance of evidence (which is the law in respect of all "defences") that the insured was injured as the result of attempting to leave or enter the car. Nothing which the plaintiff has to show in order to recover has to be pleaded as a "defence"; and it would be a very foolish defendant who would thus plead it, and thereby acknowledge that the burden was on him to establish it by a preponderance of evidence. The like is often done of late, however, pleading being a lost art in this state, except among a few.

But I think the plaintiff should be allowed to amend the complaint now to conform to the proof, for the whole question of how and where the insured was injured has been fully tried out. As the complaint prays for relief in addition to a recovery of money, i. e., that the court require the paid up policy already mentioned be issued, and

therefore presents, it may be, a suit in equity, the plaintiff caused two issues to be framed by the court at Special Term for motions for trial before a jury; the first being whether the death of the insured resulted from bodily injury caused solely by external, violent and accidental means, which the defendant consented should be answered yes, and the second whether such injury was received by the insured while riding as a passenger in or on a steam railroad train, which the jury answered yes. This left still undetermined the issue whether the injury was received as a result of attempting to enter or leave the train, and the question of the issuing of the paid up policy. The case was then brought on before this equity term by both sides, and the evidence received before the jury was offered and received here. Counsel for the defendant contends that this is an equity suit, and that the verdict of the jury is not binding here, as is the case with all verdicts on issues sent out of equity to a jury, unless a party is entitled by statute to try the question before a jury; that the trial was to be continued before the court, with the aid of the verdict, which may be adopted or rejected, as the court sees fit. I adopted this view, and continued and concluded the trial, and will make findings of fact and conclusions of law. It is therefore regular to allow the complaint to be amended in the particular already mentioned, and as the question covered by the amendment is fully covered by the evidence, and the defendant has offered all of its evidence, it can have no reason to complain of the amendment.

I cannot find that the insured was injured while attempting to leave the railroad train. He went by train from Philadelphia to Washington. About two hours after it drew into the Washington station, he was found back on the tracks about a half a mile from the station lying down near the track the train had passed over, dying of such injuries as could be received by falling from the platform of a train. He was not found at a crossing, but between crossings. It is easy to see that he might have carelessly gone on the platform and fallen off, which still enables the plaintiff to recover the $12,000; but it is altogether improbable that he was attempting to leave the fast moving train at that point. It was a vestibule train, but the side doors at the steps may have been unlocked, and also open, or the insured may have opened one of them. Indeed, such doors are unlocked and opened by the train hands as the train is coming near to a station where it stops, as we all know; that is to say, when they are locked at all. Nor is it at all probable that after getting off the car in the station he walked back into the railroad yard and along the tracks to the remote place where he was found, or wandered there after going out of the station into the street, and was then hit by a passing engine or train; that is too improbable to be substituted for what is probable, if not altogether certain, namely, that he fell from his train.

Judgment for the plaintiff for $12,000 and interest, and that the paid up policy be issued.