MARVIN E. PARRY and Another, Doing Business under the Firm Name and Style of M. E. PARRY & Co., Respondents, *v.* MARYLAND CASUALTY COMPANY, Appellant.

Fourth Department, March 5, 1930.

*Bond, Schoeneck & King* [*R. E. Dineen* and *C. B. Rifenbary* of counsel], for the appellant.

*Oscar J. Brown,* for the respondents.

CROUCH, J. Plaintiffs were the assured named in a garage liability policy issued by defendant. This action is brought to recover the amount of a judgment had against plaintiffs by a third party, together with certain expenses necessarily incurred by plaintiffs in that action. The case was submitted at Trial Term

to the court without a jury upon stipulated facts and plaintiffs had a judgment.

The facts as stated were " that on the 25th day of December, 1925, while the policy was in full force and effect, an automobile owned by the plaintiffs and operated by their agent, servant and employee, was towing a certain automobile to the plaintiffs' garage; that the said automobile being towed to the plaintiffs' garage was owned by Markson Bros., Inc., and was being steered by, and its brakes operated by, an employee of Markson Bros., Inc.; that while it was being so towed it collided with a pole and was damaged as a result thereof." Notice of the accident was given defendant, which after investigation disclaimed liability. Markson Brothers sued plaintiffs herein, who defended unsuccessfully by their own counsel.

The policy by its terms insured against loss from liability imposed by law upon the assured for damage to property of every description, except as therein limited, as the result of accidents caused by or through the business of the assured upon the premises described in the policy, or away from said premises if caused by the assured or its employees engaged in the discharge of their duties in said business, or caused by or through the ownership, maintenance or operation of any automobile. The limitations referred to are stated in the policy as follows: " Provided, however, that this policy shall not cover damage to property of the Assured and/or property in the custody of the Assured and for which the Assured is legally responsible, and/or property carried in or upon any automobile of the Assured, or in or upon any automobile in the custody of the Assured."

The learned court below was of the opinion that the language of the proviso, read alone, would exclude the loss from the coverage of the policy if the injured automobile could be said to have been in the custody of the assured at the time of the accident. But construing the proviso in the light of the apparent purpose of the general coverage provisions, which indicated, as the court thought, that the thing insured against was primarily damage to property by reason of negligence in the operation of automobiles in carrying on the garage business, it held that the loss was covered by the policy, notwithstanding the fact that the damaged property was in the custody of the assured and that the assured was legally responsible for it at the time of the accident.

We are unable to agree with that conclusion. If upon the stated facts and the fair inferences therefrom, the damaged automobile may be said to have been at the time of the accident " property in the custody of the Assured and for which the Assured

is [was] legally responsible," liability for the damage was so clearly and unmistakably excluded as to be beyond the reach of the most liberal construction. To hold otherwise would deprive the language of the limitation of the only meaning which may be attributed to it. While we are not concerned with the reasons which prompted the insurer thus to limit the scope of its agreement, those reasons are fairly obvious. The limitations relate to property in which the assured has either a general or a special interest. As to such property both the frequency of accident and the opportunities for fraud create a high hazard and make the risk undesirable, at least at the rate charged for the ordinary coverage.

There remains the question whether the towed automobile was, at the time of the accident, " property in the custody of the Assured and for which the Assured is legally responsible." The stipulated facts are too meager to warrant an affirmative answer. That there was legal responsibility of some kind on the assured appears from the fact that judgment was rendered against them. That such responsibility resulted from custodianship does not appear. The facts are silent as to the nature of the relationship. We may perhaps infer that the plaintiffs, pursuant to some arrangement, were towing a crippled car to their garage for repair. What that arrangement was we do not know. There may have been a delivery of the towed car to plaintiffs with the owner's general employee acting *ad hoc* as plaintiffs' employee, but the stipulation does not say so, nor may we draw that inference. Since defendant by its answer assumed what perhaps was the unnecessary burden of proving plaintiffs' custody and responsibility (*Lilly* v. *Preferred Accident Ins. Co.*, 41 Misc. 8, 11; *Tolmie* v. *Fidelity & Casualty Co.*, 95 App. Div. 352, 356; affd., 183 N. Y. 581; *Williams* v. *U. S. Mut. Acc. Assn.*, 82 Hun, 268, 272; affd., 147 N. Y. 693; *O'Connell* v. *New Jersey Fidelity & P. G. Ins. Co.*, 201 App. Div. 117; affd., 235 N. Y. 583), and since that burden was not met, we must conclude that the loss was within the coverage of the policy.

The judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Judgment affirmed, with costs.