HARRY C. WHEATLEY, Plaintiff-Appellant, *v.* DR. CHARLES M. TOWERS, County Veterinarian, Tazewell County, Defendant-Appellee.

Third District   No. 76-231

Opinion filed January 7, 1977.

John M. Ritchie, of Pekin, for appellant.

C. Brett Bode, State's Attorney, of Pekin, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal is taken by the plaintiff from a judgment in the Circuit Court of Tazewell County in favor of the defendant. The underlying cause is an action for conversion against the Tazewell County veterinarian for the "wilful and wanton" destruction of the plaintiff's dog. The case was tried without a jury.

On January 14, 1976, the plaintiff, in preparation to go rabbit hunting, unleashed his dog and left it near his garage. While the plaintiff was in his house for about 10 minutes, the Tazewell County dog catcher picked up the dog. Plaintiff requested the dog's release, but he was informed that the dog must be reclaimed at the County Dog Pound.

On the same day, the plaintiff contacted his attorney who then had a telephone conversation with the defendant. The defendant testified he remembered receiving at least one call from the plaintiff's attorney but does not recall the matters discussed at that time. According to the plaintiff's attorney, the defendant stated that the dog would be returned only after the $25 redemption fee was paid. However, the plaintiff's attorney told the defendant that the fee would not be paid because there was no provision in the ordinance for the return of the money in the event

the plaintiff was found not guilty of allowing an animal to run at large. In addition, at the request of the attorney, the defendant agreed to issue a citation against the plaintiff so as to determine whether the dog was running at large. At no time did the defendant state that the dog would or would not be held beyond the seven-day period.

Several days later, according to the plaintiff's attorney, there was another telephone conversation between the attorney and the defendant. When asked why the citation had not been issued against the plaintiff, the defendant supposedly stated that the dogcatcher had attempted to serve the citation on Gary Wheatley, plaintiff's son, who resided at an address other than that of the plaintiff. The attorney then informed the defendant that Gary Wheatley was the wrong party. In a later phone call to the County Dog Pound, the plaintiff's attorney was informed by an employee that the dog in question had been destroyed.

The defendant testified that the reason service on Gary Wheatley was attempted was due to the fact that his office records indicated that the dog was registered under a kennel license issued to Gary Wheatley. A kennel license allows a person to register up to 20 dogs for a flat fee of $15 rather than the normal fee of $4 per dog. The defendant's records are derived from information secured by various veterinarians who are in private practice in Tazewell County. Whenever these private practitioners inoculate an animal for rabies, the name of the dog owner is taken by the treating veterinarian. These records indicated that on the date this particular animal was inoculated Gary Wheatley also had two German shepherds inoculated. Gary Wheatley later testified that he had the plaintiff's dog inoculated at the same time as two of his own.

Dr. Towers also testified that he personally destroys any animal picked up which is not claimed within the seven-day period. The dog is destroyed by injection. On January 22, 1976, he destroyed the Wheatley's dog because seven days had expired from the date this animal had been picked up. In addition, the defendant admitted that owners of animals whose dogs are picked up and kept at the County Animal Shelter can be charged a kennel fee for the keeping of an animal by the county. ·

■■■ The only issue presented in this appeal is whether the conduct of the defendant was willful and wanton misconduct. In his brief, the plaintiff seeks to raise the issue of the applicability of section 2—202 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1975, ch. 85, par. 2—202), which provides tort immunity for public employees executing or enforcing a law unless they act willfully and wantonly. He also questions the applicability of section 11 of the Animal Control Act (Ill. Rev. Stat. 1975, ch. 8, par. 361), which allows for the humane dispatch of dogs impounded for failure to be inoculated and

registered and whose owners have not redeemed them. However, since it does not appear these issues were raised in the trial court, they cannot be raised in this appeal. *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417.

To be willful and wanton misconduct, the act must have been intentional or committed in reckless disregard for the safety of others (*Klatt v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 481, 211 N.E.2d 720; *Schneiderman v. Interstate Transit Lines, Inc.* (1946), 394 Ill. 569, 69 N.E.2d 293; *Dumpert v. Liechty* (2d Dist. 1969), 114 Ill. App. 2d 59, 251 N.E.2d 652), or committed with an intentional disregard of a known duty necessary to the safety of the property of another. (*Mower v. Williams* (1949), 402 Ill. 486, 84 N.E.2d 435; *Bartolucci v. Falleti* (1943), 382 Ill. 168, 46 N.E.2d 980.) Whether the conduct alleged in a particular case is willful and wanton misconduct is a question of fact. (*Dumpert v. Liechty* (2nd Dist. 1969), 114 Ill. App. 2d 59, 251 N.E.2d 652.) The trial court found there was no willful and wanton misconduct. In order to overturn the trial court's finding of fact, we must determine that it is against the manifest weight of the evidence. *Hoffman v. Marcus Steel Co.* (1st Dist. 1975), 33 Ill. App. 3d 1039, 339 N.E.2d 539.

■■ The counties, townships and municipalities of Illinois have the power to regulate and prohibit the running at large of dogs. (Ill. Rev. Stat. 1975, ch. 34, par. 427a; Ill. Rev. Stat. 1975, ch. 139, par. 39.13; Ill. Rev. Stat. 1975, ch. 24, par. 11—20—9.) The statute giving this power to the townships specifically provides that the dogs may be destroyed after a reasonable time. Therefore, from the facts of this case, we cannot say that the defendant had a duty to maintain the plaintiff's dog for an indefinite period of time. Nor can we conclude that the finding of the trial court is against the manifest weight of the evidence.

Accordingly, we affirm the judgment of the Circuit Court of Tazewell County.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.