LARRY K. WIERSEMA, Plaintiff-Appellant, *v.* WORKMAN PLUMBING, HEATING & COOLING, INC., Defendant-Appellee.

Third District   No. 79-224

Opinion filed August 25, 1980.

ALLOY, J., specially concurring.

Karl Yost, of Morrison, for appellant.

Lester S. Weinstine, of Weinstine, Shirk & Goldblatt, of Morrison, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

In this appeal the plaintiff, Larry K. Wiersema, seeks review of the Circuit Court of Whiteside County which entered judgment against the plaintiff and in favor of the defendant, Workman Plumbing, Heating & Cooling, Inc., both on plaintiff's complaint and on defendant's counterclaim for $470.81.

The plaintiff filed suit claiming, in essence, the defendant had breached a written contract to install a septic system in connection with the construction of a new rural residence for the plaintiff. A second count alleged negligent installation. The terms of the written agreement are not in dispute. The defendant gave to plaintiff a proposal or estimate on a large portion of the plumbing and heating aspects of the plaintiff's new house. Because the house was in the country and no sewer system was available, part of the defendant's proposal was to construct and install a septic system consisting of a 1250-gallon concrete septic tank, with necessary drainfield,

including rock, paper, stakes, permit, digging, filling and labor to conform with Whiteside County Health Department regulations. Defendant proposed to do the septic system work for $1250. Plaintiff accepted the proposal and defendant completed the work. Several weeks after the septic system was completed, plaintiff discovered that it did not work properly. Toilets backed up and the basement flooded with sewage several times. Defendant returned and attempted to remedy the problem by an additional 400 feet of drainfield, but this did not solve the problem. Plaintiff then engaged another firm for additional expenditure of $3000. Plaintiff sought to recover the cost of his having the system further extended and made operable, and an additional $5000 for damage to his property and for the inconvenience caused by the nonfunctioning septic system.

The cause of the malfunction in the septic system was the existence of a type of soil at the Wiersema home site locally called "blue clay." This type of soil is very hard packed and quite impervious to percolation thus making the standard septic field construction unworkable. Prior to beginning construction on the house Wiersema called Workman, who came to the site and in response to Wiersema's concern about building the house at that location indicated that the house could be constructed because it was above "flood stage." It was not disputed that, in conformance with the contract, the septic system Workman installed for Wiersema complied with Whiteside County Health Department regulations in every respect.

■■ The plaintiff questions on review whether the defendant fulfilled his obligation under an implied warranty of habitability when the septic system which was installed failed to work properly. The plaintiff did not urge the applicability of the implied warranty of habitability in the trial court and raises this theory for the first time on appeal. We agree with the defendant's position that plaintiff failed to raise the issue of the existence of an implied warranty of habitability in the trial court and accordingly should be prohibited from changing and/or adding to his theory of the case on review. (*Wheatley v. Towers* (1977), 44 Ill. App. 3d 867, 358 N.E.2d 971.) Although the applicability of an implied warranty of habitability may not be argued for the first time on appeal, we believe a limited discussion of its applicability to the facts of this case deserves some comment.

■■ The theory of an implied warranty of habitability in the construction of a new residence which is sold to a consumer by the vendor-builder was firmly established in *Hanavan v. Dye* (1972), 4 Ill. App. 3d 576, 281 N.E.2d 398. (Accord, *Weck v. A:M Sunrise Construction Co.* (1962), 36 Ill. App. 2d 383, 184 N.E.2d 72.) In a recent landmark case, *Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154, the warranty in the sale of a newly constructed residence by a vendor-builder was expanded beyond the warranty of habitability previously implied by the courts. The

warranty of habitability was previously violated only by a home which, (1) did not keep out the elements; (2) did not provide a reasonably safe place to live; or (3) was not structurally sound because of a substantial defect of construction. Just because many defects render a house aesthetically unsatisfying, the warranty of habitability which the law will imply is of no assistance to the consumer who purchases a house. However, the *Petersen* court has now held that the builder-seller impliedly warrants that the residence is reasonably suited for its intended use. This new implied warranty is similar to that used in the uniform commercial code, warranty of merchantability or warranty of fitness for a particular purpose. Thus, under the *Petersen* decision defects which do not make the new home totally uninhabitable are, nevertheless, covered by the expanded *Petersen* warranty of habitability. We have no doubt that a defective septic system such as the one disclosed by the record in the present appeal would fall within the implied warranty of a builder-vendor. However, the defendant in this case is not a builder-vendor. The defendant is rather just one of the artisans engaged by the plaintiff, who was the owner and builder, in the erection of a residence on his own land for his own use. We do not believe that the implied warranty of *Petersen* should be extended to this case where the defendant is not a builder-vendor, and is acknowledged to have completed the contract bargained for.

In a related argument the plaintiff urges that the defendant in contracting to construct the septic system for plaintiff has an obligation to perform his work in a workmanlike manner and to complete it, reasonably suited to accomplish what the contractor knew his work was expected to accomplish. (*Economy Fuse & Manufacturing Co. v. Raymond Concrete Pile Co.* (7th Cir. 1940), 111 F.2d 875.) While acknowledging the existence of an obligation on the part of the defendant to construct the septic system in a good and workmanlike manner, the record does not support the plaintiff's claim that this obligation was not met. It is conceded by both parties that the septic system failed to work because of the conditions of the soil which would not allow the water to go through the system and be dispersed. Plaintiff's only evidence to support his claim that defendant failed to perform his work in a workmanlike manner is that the septic system failed to work. Plaintiff's brief concedes that the tank was properly installed, the joints were properly formed, and the method of connection was all according to standard practice. In fact, it is not disputed that the defendant fully complied, as the contract demanded, with the recommendations of the Whiteside County Health Department. The burden was upon the plaintiff to prove that defendant failed to perform his work in a skillful and workmanlike manner. The trial court specifically found that the defendant did perform in a workmanlike manner, and that finding is manifestly supported by the evidence in the record.

Although not specifically argued on appeal, we also believe that the causes of action set forth in plaintiff's pleading for breach of contract and negligence were not satisfactorily proved and accordingly believe that the evidence manifestly supports the judgment for defendant.

■■ In his reply brief plaintiff contends, for the first time, in very general terms that the condition of the soil, which was known to defendant or discovered by him sometime before he completed the project, may have amounted to fraudulent concealment. The evidence indicates that plaintiff was concerned with the site he had chosen for his new home and consequently consulted the defendant for an opinion as to the feasibility of constructing a home on the site. The defendant admitted being questioned by plaintiff concerning this and also admitted to stating that the house could be constructed at the site if it was placed at an area above flood stage. The plaintiff's pleadings alleged essentially a breach of contract action, and negligent installation, but under no stretch of the imagination can the allegations of the complaint be construed to plead an action in fraud. To properly allege a cause of action for fraud, the pleadings must contain specific allegations of facts from which fraud is the necessary or probable inference. (*Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 338 N.E.2d 912). The plaintiff's pleading did not clearly and distinctively allege the essential elements of actionable fraud and is consequently insufficient. Accordingly, we will not consider whether or not the defendant's conduct amounted to a fraudulent concealment of the type of soil located at the plaintiff's home site.

For the reasons stated the judgment of the Circuit Court of Whiteside County is affirmed.

Judgment affirmed.

STENGEL, J., concurs.

Mr. JUSTICE ALLOY, specially concurring:

I concur in the disposition of this cause only for the reason that the appellant concedes that Workman Plumbing complied with the contract in this case and, also, for the reason that no mention of implied warranty was made at the trial and to raise it on appeal would be presenting a new "theory" for the first time on the appellate level. I do not, however, agree with the analysis in the case with respect to the issue of "implied warranty" as noted in the majority opinion. I do not believe that anything contained in the opinion should be controlling as it may relate to implied warranty of workmanship, as defined in *Springdale Cemetery Association v. Smith* (1863), 32 Ill. 252, 259, where the court stated:

"° ° ° a mechanic or other workman, undertaking to construct a

piece of work, impliedly warrants that it shall be so constructed that it will be reasonably sufficient for the purposes for which it is intended * * *. It is one of the plainest principles of the law, that there is an implied warranty or undertaking in all cases, that the person so acting is reasonably skillful in his profession, trade or calling. And that he will perform his engagements in his calling with that degree of skill. The law implies in all contracts, in the absence of an express agreement to the contrary, that materials agreed to be furnished shall be suitable for the purpose, and that labor shall be performed with reasonable skill."