STATE FARM FIRE & CASUALTY COMPANY, Plaintiff-Appellant, *v.* CHARLES G. KOHEN *et al.*, Defendants-Appellees.

Third District    No. 80-667

Opinion filed August 5, 1981.

John J. McGarry, of Stefanich, McGarry & Wols, Ltd., of Joliet, for appellant.

John W. Condon, of Root Law Office, of Morris, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by the plaintiff, State Farm Fire and Casualty Company (State Farm), following a bench trial in the Circuit Court of Grundy County. In 1978, the defendant, Charles G. Kohen, purchased a used 1977 Corvette, registered and obtained a certificate of title and license for it in Illinois, and insured it with State Farm. Kohen's coverage included liability and collision insurance. After having driven the car for approximately 5 months, Kohen totally demolished it in a collision. State Farm paid more than $8,000 to Kohen pursuant to the collision coverage, whereupon Kohen assigned his certificate of title to the insurer. Upon examining the car, State Farm discovered that the car's hidden identification number did not correspond to the serial number visible through the windshield. Kohen had used the latter number to obtain the Illinois title and license and the insurance. It was then learned that the car was owned by the defendant, Deborah Kent. The car had been stolen in Houston, Texas, in March 1978. In 1979, Kent filed a two-count suit against Kohen and charged him with conversion of her car and its negligent operation. Upon demand by Kohen to defend the suit, State Farm denied coverage, but agreed to defend under a reservation of rights. State Farm then filed the instant declaratory judgment action to determine whether it had the duty to defend and indemnify Kohen in accordance with his liability insurance. Kent's suit came to trial in May 1980, and she received judgment against Kohen on both counts. This judgment remains unsatisfied.

The declaratory judgment action came to trial without jury in July 1980. Kohen failed to appear, and State Farm obtained a default judgment against him. The court decided that State Farm had the duty neither to defend nor indemnify Kohen with respect to the conversion count in Kent's suit. The court found, however, that State Farm was obligated to defend and indemnify Kohen under the negligence count and ruled specifically that a clause excluding coverage for damage to property "in charge of" the insured was inapplicable to instant facts.

State Farm appeals from this ruling and argues the exclusionary clause in Kohen's liability coverage does not require the insurer to defend and indemnify Kohen for damage to Kent's car. We agree and reverse that portion of the judgment.

The relevant provisions of Kohen's liability coverage are:

"Section 1 - Liability - Coverage A

We (State Farm) will:

1. pay damages which an insured becomes legally liable to pay because of:

* * *

b. damage to or destruction of property including loss of use, caused by accident resulting from ownership, maintenance or use of your car;

* * *

When Coverage A does not apply:

* * *

THERE IS NO COVERAGE:

* * *

3. For any damages

* * *

b. To property owned by, rented to, in charge of, or transported by an Insured. But coverage applies to a rented residence or private garage damaged by a car we insure."

This exclusion to Kohen's coverage is commonly found in most, if not all, automobile liability insurance policies. The parties agree that the classification specifically in issue here is whether Kohen was in charge of Kent's stolen car. Typically, liability coverage includes damage to property owned by someone other than the insured. The purpose of the clause in issue is to exclude from liability coverage damage to property of the insured. The justification for the exclusion of this kind of exposure from automobile liability insurance was given in *Parry v. Maryland Casualty Co.* (1930), 228 App. Div. 393, 395, 240 N.Y.S. 105, 107: "The limitations relate to property in which the assured has either a general or a special interest. As to such property, both the frequency of accident and the opportunities for fraud create a high hazard and make the risk undesir-

able, at least at the rate charged for the ordinary coverage." The exposure excluded in the liability coverage may be separately insured under physical damage (collision) coverage.

In the instant case, Kohen did obtain both liability and collision insurance for the car and did collect on the collision coverage following the destruction of the insured car. Nevertheless, Kent argues, and the circuit court agreed, that the clause excluding coverage to damaged property in the charge of the insured should be interpreted to include only that property temporarily placed in the care and custody of the insured by a person with the right to do so. Accordingly, she concludes that, because she never consented to Kohen's use of her car, the property must be covered under the liability insurance as property belonging to someone other than the insured and not as property in the insured's charge.

In construing an insurance policy, we are governed by certain well-established rules of construction. The insurance contract must be liberally construed in favor of the insured and strictly construed against the insurer in order to realize the protection which the insured attempted to secure when he applied for the policy. (13 J. Appleman, Insurance Law & Practice §7401 (1976).) This maxim of interpretation does not, however, justify the abandonment of general principles of contract construction which require that unambiguous terms be given their plain meaning. The terms of an insurance policy should be reasonably and fairly construed to determine the intention of the parties from the whole agreement and not to render harsh or absurd results.

■■ The exclusion in issue has been considered in many jurisdictions and never has been found to be ambiguous or contrary to public policy as Kent asserts. (See, *e.g.*, *Lakatos v. Prudence Mutual Casualty Co.* (1969), 113 Ill. App. 2d 310, 252 N.E.2d 123; *Mallory v. Vermont Mutual Fire Insurance Co.* (1967), 126 Vt. 237, 226 A.2d 901; *Western States Mutual Insurance Co. v. Standard Mutual Insurance Co.* (1960), 26 Ill. App. 2d 378, 167 N.E.2d 833; *International Derrick & Equipment Co. v. Buxbaum* (3d Cir. 1957), 240 F.2d 536; *Wyatt v. Wyatt* (1953), 239 Minn. 434, 58 N.W.2d 873; *Welborn v. Illinois National Casualty Co.* (1952), 347 Ill. App. 65, 106 N.E.2d 142.) The Minnesota Supreme Court said of a similar exclusion of property damage in the charge of the insured, "it is clear that [the exclusion] was intended to afford to one who was driving an automobile which he did not own the same coverage as would be afforded to an owner \* \* \*." (*Wyatt v. Wyatt* (1953), 239 Minn. 434, 437, 58 N.W.2d 873, 875.) Similarly, the *Welborn* court ruled that an exclusion identical to the one in issue today applied not only to property owned by the insured, but also to property which has "a status which is logically treated the same as ownership for the purposes of the policy." (*Welborn v. Illinois National Casualty Co.* (1952), 347 Ill. App. 65, 69, 106 N.E.2d

142, 144.) Given the plain language of the exclusion and its intended purpose as expressed in *Wyatt* and *Welborn*, we find that the ordinary meaning of "in charge of" is possession of the property and some degree of control of or dominion over it so as to give the insured an ownership-like status and an insurable interest in the property. We see no basis for limiting the words "in charge of" to property that the insured knowingly received from someone who could rightfully give such property. None of the aforementioned cases interpreting the exclusion reveals that such a consideration was conclusively determinative in establishing whether the property was in the charge of the insured.

■■ In examining the facts of the instant case, we find that Kohen was in charge of the 1977 Corvette at the time of his accident and, therefore, State Farm has no duty to defend and indemnify Kohen. He purchased the car for over $7,000. There is no evidence that he was anything but a good-faith purchaser for value. At the time of the purchase he received a certificate of title that matched the vehicle identification number visible through the car's windshield. He applied for and obtained a certificate of title, as well as license plates, from the State of Illinois. In addition, he purchased liability insurance and insured the car against physical damage and upset. He then drove the car for nearly 5 months before the collision. In fact, although Kohen could not have received full title to the car because it was stolen, he had title to it as against everyone but the true owner, Kent. Given these circumstances, we find it difficult to conceive a situation where a person could be more in charge of a car and yet not own it. Kohen's ownership-like status is just the kind of exposure that the policy sought to exclude in order to keep liability insurance rates reasonable. The lack of consent by the rightful owner may in some instances be relevant in determining whether the insured was in charge of the damaged property, but in the instant case, the same factors that gave Kohen an insurable interest in the car also demonstrated that he had an ownership-like status, thus making him in charge of it.

Kent argues in the alternative, that if State Farm does not have the duty to defend and indemnify Kohen for the judgment arising from the negligent count, she may recover according to Kohen's physical damage coverage. The possibility of Kent's availing herself to this coverage was never placed in issue by the pleadings and was never litigated in the circuit court. Therefore, the issue is waived for the purposes of review. *Wheatley v. Towers* (1977), 44 Ill. App. 3d 867, 358 N.E.2d 971.

For the foregoing reasons, we affirm that portion of the judgment entered in the Circuit Court of Grundy County holding that State Farm has no duty to defend and indemnify Kohen with respect to the conversion count and reverse that court's finding that State Farm must

defend and indemnify Kohen for damages to her car caused by his negligence.

Affirmed in part; reversed in part.

SCOTT, P. J., and ALLOY, J., concur.