RANDY WOLFORD, Plaintiff-Appellant, *v.* HOUSEHOLD FINANCE CORPORATION, Defendant-Appellee.—(J. M. TRZASKA, Defendant.)

Fourth District    No. 17501

Opinion filed May 5, 1982.—Rehearing denied June 7, 1982.

DePew, Grimes, Chesley, Wilson & Anderson, of Bloomington (George L. Chesley, of counsel), for appellant.

John P. Schwulst, of Arnold, Gesell, Schwulst & Stevens, of Bloomington, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiff, Randy Wolford, appeals from an order of the trial court dismissing his two-count amended and supplemental complaint. The action involves a consumer credit transaction. Count I of the complaint was grounded on a theory of fraud, while count II alleged a violation of disclosure provisions of section 16 of the Illinois Consumer Installment Loan Act (Ill. Rev. Stat. 1979, ch. 74, par. 66). Two motions by the parties to strike portions of their respective briefs were ordered taken with the case.

Count I of the complaint alleged that prior to May of 1977, plaintiff delivered a note to defendant in the approximate amount of $4,100. From the date of delivery until May of 1977, plaintiff discharged all of his required obligations and at that time made a lump sum $1,000 payment on the note in consideration for which defendant released a mortgage on real estate owned by the plaintiff. In June of 1977, plaintiff alleges that an agent of defendant, J. M. Trzaska, called upon plaintiff to refinance the loan representing to plaintiff that he would pay less interest once the loan was refinanced. Plaintiff refinanced the note based on this representation.

Plaintiff then concludes that Trzaska's representation was false and fraudulent because defendant knew that by refinancing plaintiff would

pay additional interest expense of $1,000 or more in excess of that which he would have paid had he continued to make payments under the first loan agreement. Plaintiff additionally alleged that this misrepresentation was knowingly and intentionally made and that he justifiably relied upon these misrepresentations to his detriment. Actual damages of $1,000 and punitive damages of $10,000 were prayed for.

Count II of the complaint alleges that defendant violated section 16 of the Illinois Consumer Installment Loan Act (CILA) (Ill. Rev. Stat. 1979, ch. 74, par. 66) by failing to clearly identify the property to which the security interests of defendant attached in the subsequent refinanced note. Plaintiff prayed for damages of $1,429.06 relying upon section 20(b) of CILA (Ill. Rev. Stat. 1979, ch. 74, par. 70).

Separate motions to dismiss the two counts of the complaint were allowed by the trial court and this appeal followed. The issue presented to this court is the sufficiency of the complaint to state a cause of action.

For a complaint to state a cause of action for fraud, it must be pleaded with specificity, particularity, and certainty. The elements which must be alleged include (1) that the party made a representation of material facts as opposed to opinion; (2) that the representation made was untrue; (3) that the party making the representation knew or believed the representation to be untrue; (4) the person to whom the representation was made had a right to rely on it and in fact did so; (5) that the representation was made for the purpose of inducing the other party to act, or to refrain from acting, upon it and; (6) that the representation made led to the injury to the person who relied upon it. (*Goetz v. Avildsen Tool & Machines, Inc.* (1980), 82 Ill. App. 3d 1054, 403 N.E.2d 555; *Lincolnland Properties, Inc. v. Butterworth Apartments, Inc.* (1978), 65 Ill. App. 3d 907, 382 N.E.2d 1250.) For purposes of review, defendant, by its motion to dismiss, admitted all facts well pleaded together with all reasonable inferences which can be drawn from those facts. (*Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569, 402 N.E.2d 885.) Nevertheless, such a motion does not admit conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. *Denkewalter.*

■■■ With these principles in mind we consider the adequacy of plaintiff's allegations of fraud. Although plaintiff makes numerous arguments suggesting that each of the aforementioned elements of a cause of action have been stated and defendant, likewise, raises numerous challenges to the sufficiency of the allegations on all material points, we are persuaded that the trial court properly granted the motion to dismiss count I of the complaint for failure to state any facts sufficient to raise a cause of action for fraud. The well-recognized rule is that the facts which constitute an alleged fraud must be pleaded with sufficient specificity, particularity

and certainty to apprise the opposing party of what he was called upon to answer. (*Pinelli v. Alpine Development Corp.* (1979), 70 Ill. App. 3d 980, 388 N.E.2d 943.) To properly allege a cause of action for fraud, the pleadings must contain specific allegations of facts from which fraud is the necessary or probable inference. (*Pinelli; Wiersema v. Workman Plumbing, Heating & Cooling, Inc.* (1980), 87 Ill. App. 3d 535, 409 N.E.2d 159.) Under this standard, plaintiff's conclusory allegations of fraud were insufficient to allege a cause of action.

The only "facts" which count I of the complaint discloses are that prior to May 1977 plaintiff delivered a note to defendant, that he fulfilled the terms of the note until May of 1977 when he made a lump sum payment of $1,000 on the note in consideration for release of security, that defendant by its agent called upon plaintiff to refinance the note representing that plaintiff would pay less interest, and that plaintiff did so. There is nothing about these "facts" which would lead one to a conclusion that fraud is the necessary or probable inference.

Plaintiff argues, however, that his allegation that he would pay additional interest expense of $1,000 or more under the refinanced note is a "fact" which is sufficient to allow this case to proceed beyond the pleading stage. We disagree. The allegation concerning excess expense is merely conclusory. Plaintiff does not, for instance, set forth in the pleadings any specific monetary figures which represent his obligations under the original or the refinanced note. Without any delineation of plaintiff's obligations under the notes, it is impossible to reach a conclusion that any excess expense has been incurred, irrespective of its amount.

■■ As an ancillary matter it should be noted that attached to the complaint, but not otherwise referred to in the body of count I of the complaint, are two notes which purport to be copies, or at least parts thereof, of the original and refinanced notes. While we point out that attachment without specific reference to the identified instrument in the body of the complaint is a violation of section 36 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 36; *Camp Creek Duck Farm, Inc. v. Shell Oil Co.* (1981), 103 Ill. App. 3d 81, 430 N.E.2d 385), consideration of the attached notes effectively dispels plaintiff's contention concerning the additional finance charge. The original note indicates a total finance charge of $1,408.36. The subsequent refinanced note indicates a total finance charge of $714.53. The notes, themselves, belie plaintiff's claim that refinancing resulted in additional interest charges. Moreover, without any indication from plaintiff as to the amount of finance charges he had already paid under the original note, it is impossible for defendant to discern what it must respond to in the subsequent litigation.

We disagree with plaintiff's representation that the amount of excess interest is merely a question of evidence which either is, or is not, sus-

ceptible of proof at any later trial. The deficiency in the pleading does not relate to the amount of damages specified. Rather, it relates to the failure to state any facts supporting the legal conclusion that defendant's actions have resulted in a detriment to plaintiff, namely, that he has incurred excess interest expense, in any amount. Plaintiff has simply not set forth any facts which logically connect up his claim that defendant's suggested refinancing resulted in excess interest expense.

The problem is vividly demonstrated by consideration of certain computations present in both parties' briefs which are the subject of respective motions to strike. Included in defendant's brief as appendixes are a computation of finance charges, purportedly applying to the notes involved in this case; a Consumer Installment Loan Act actuarial formula for computing discount rates; and a letter to an agent of defendant from a supervisor at the Consumer Credit Division of the Department of Financial Institutions stating that the finance charges appearing in the two notes appear to have been correctly calculated.

With regard to this latter communication, plaintiff is correct that this is not part of the record and was not considered by the trial court, and thus may not be considered by this court.

The computations and actuarial table present a different problem. We do not agree with plaintiff that defendant is not entitled to argue, by way of reference to actual computations, that plaintiff has not demonstrated that the refinanced note would obligate him to pay additional interest charges. This would be a proper argument based on any facts which might appear in the pleading. However, we cannot agree that the computations which defendant relies upon are strictly based on the record. Therefore, this court cannot take them into consideration. We also note that this problem is specifically attributable to the lack of facts in the pleadings.

For instance, in the complaint, plaintiff alleges that he discharged all of his obligations on the original note from October 1976 until May of 1977 when he made a lump sum payment of $1,000. Defendant's calculations are based on the premise that plaintiff made six installment payments on the first note. Since the court must take the allegations of the complaint as true, any calculations would necessarily have to be based on the premise that plaintiff made either seven or eight payments, the period between October when the first installment became due through May, the date plaintiff alleges he discharged his obligations. Since there is an inherent inconsistency between the calculations and the allegations of the pleading, the calculations will not be considered by this court.

Defendant has also moved to strike portions of the plaintiff's reply brief which relate to plaintiff's computation of finance charges. An examination of these calculations reveals that plaintiff has based his compu-

tation on exactly the same figures relied upon by defendant which are not supported by the facts alleged in the pleadings. Since both sets of figures are premised on monetary amounts which are not supported by the pleadings, they are properly stricken.

In count II of the amended complaint, plaintiff alleges that defendant violated the disclosure requirements of section 16 of the Illinois Consumer Installment Loan Act (Ill. Rev. Stat. 1979, ch. 74, par. 66(m)) by failing to disclose that the refinanced note was also secured by security given to defendant pursuant to the original note.

The original note dated October 4, 1976, indicates that the loan was secured by a chattel mortgage, a wage assignment, and a real estate mortgage. The chattel mortgage was a security agreement on household and consumer goods, and the note states that any chattel or real property which secures the loan may secure future or other indebtedness. Specifically enumerated on the original note is an automobile owned by plaintiff.

The second note again states that it is secured by a chattel mortgage. (The real estate mortgage was released in consideration for the $1,000 lump sum payment.) The same automobile is listed on the face of the refinanced note as security. In the portion of the refinanced note wherein specific property can be described, the words "SEE ATTACHED MEMO" appear. No attached memo is present in the record.

Though plaintiff acknowledges that he failed to produce the attached memorandum in his pleading, he nevertheless argues that since the face of the refinanced note does not reveal that the refinanced loan was also secured by the original security agreement, in addition to whatever other security may have been obtained on the second note, defendant did not properly disclose the type of security interest held or retained in connection with the subsequent loan. Section 16 (Ill. Rev. Stat. 1979, ch. 74, par. 66(k) and (m)) provides in pertinent part:

> "(k) A description or identification of the type of any security interest held or to be retained or acquired by the licensee in connection with the loan and a clear identification of the property to which the security interest relates.
>
> * * *
>
> (m) * * *.

At the time disclosures are made, the licensee shall deliver to the obligor a duplicate of the instrument or statement by which the required disclosures are made and on which the licensee and obligor are identified and their addresses stated. All of the disclosures shall be made clearly, conspicuously and in meaningful sequence and made together on either

(i) the note or other instrument evidencing the obligation. Where

a creditor elects to combine disclosures with the contract, security agreement, and evidence of a transaction in a single document, the disclosures required under Section 16 shall be made on the face of the document, on the reverse side, or on both sides, provided that the amount of the finance charge and the annual percentage rate shall appear on the face of the document, and, if the reverse side is used, the printing on both sides of the document shall be equally clear and conspicuous, both sides shall contain the statement, 'NOTICE: See other side for important information', and the place for the customer's signature shall be provided following the full content of the document; or

(ii) One side of a separate statement which identifies the transaction."

■■ We find plaintiff's claim to be without merit. A prerequisite to consideration of the terms of a contract is a complete copy of the contract. Without the contract, a court cannot speculate as to its possible provisions or their meaning. Plaintiff has not provided a complete copy of the loan agreement in this case. Furthermore, he has not alleged that he cannot produce the complete document and has not provided any affidavit attesting to such a claim in accordance with section 36 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 36). Absent a complete copy of the contract, the trial court was left to speculate as to the provisions of the contract. Dismissal for that reason alone was proper and further consideration of plaintiff's position in that regard by this court is unwarranted. See *Schreiber v. Eastern Airlines, Inc.* (1976), 38 Ill. App. 3d 556, 348 N.E.2d 218.

Notwithstanding this failure, plaintiff also argues that he was not required to attach these other documents because the Illinois statute requires that all disclosures be made on a single document. Since the security disclosure is not attached on the face of the refinanced note, plaintiff reasons that he has made out a *prima facie* case for violation of the Illinois statute recited above.

Plaintiff's reliance upon *Gennuso v. Commercial Bank & Trust Co.* (3d Cir. 1977), 566 F.2d 437, is misplaced. *Gennuso* held that Regulation Z incorporated within the Federal Truth and Lending Law (12 C.F.R. sec. 226.1 *et seq.* (1977)) requires that security disclosures be made on a single document. In reaching this conclusion, the third circuit pointed to language of the statute, which stated that disclosures were to be made either on:

" '* * * the note or other instrument evidencing the obligation on the same side of the page and above or adjacent to * * * the customer's signature' or on '(o)ne side of a separate statement which identifies the transaction.' " (566 F.2d 437, 441.)

The Federal court reasoned that references to "the page" and "a separate statement" read literally, indicate that the regulation required the disclosures to be made on one document. Irrespective of the Federal court's reasoning, this court is not bound by it.

In the first instance, the court in *Gennuso* was interpreting a Federal statute which plaintiff does not claim defendant has violated. To the contrary, the sole question before this court is an interpretation of the relevant Illinois statute which is substantially distinct from its Federal counterpart.

■ Section 16(m)(i)(ii) clearly provides that all disclosures shall be made on the note or other instrument evidencing the obligation, including its reverse side under certain conditions *or* one side of a separate statement which identifies the transaction. To interpret the Illinois act to require disclosures on only a single document would make the second option provided by statute superfluous. Since Illinois law allows the use of a separate document and since the refinanced note affirmatively indicates a separate memorandum was provided and was originally attached to the refinanced note, dismissal of count II of the complaint was proper in light of plaintiff's failure to incorporate or attach these documents to his pleadings.

For the foregoing reasons, the parties' motions to strike portions of the briefs are granted and the order of the McLean County circuit court is affirmed.

Affirmed.

GREEN, P. J., and WEBBER, J., concur.