McRAE, Justice,
dissenting:
The majority, as well as the parties, have missed the point by focusing their inquiry on the legal etymology of the phrase “in charge of the insured.” Whether Misty Steadman was “in charge of’ her employer’s vehicle at the time it was damaged is a question of fact, not one of law. Accordingly, I dissent.
This case arises from a grant of summary judgment to the Mississippi Farm Bureau Casualty Insurance Company. As the moving party, it was incumbent upon Mississippi Farm Bureau to show that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. Looking at the evidence in a light most favorable to Steadman, Mississippi Farm Bureau has not met its burden of showing whether Steadman was, as a matter of fact, “in charge of’ her employer, Capital Services’s vehicle at the time of the accident. She was using the automobile only on a temporary basis. Moreover, she was not even in the vehicle, which was parked at the time of the accident.
Even assuming arguendo that Steadman was “in charge of’ Capitol Services’s automobile at the time it was damaged, the facts of the case do not suggest the level of control contemplated by Miss.Code Ann.See. 63-15-43. The majority, citing with approval State Farm Fire and Casualty Co. v. Kohen, 98 Ill.App.3d 860, 54 Ill.Dec. 242, 244, 424 N.E.2d 992, 994 (1981), acknowledges that the purpose of “in charge of’ or “in control of’ exclusions is to reduce the opportunities for fraud which may arise when an individual can recover under his liability coverage for property in which he has an insurable or other special interest. In the case sub judi-ce, Steadman’s claim clearly was not filed to reap any personal financial gain. By filing under her own policy for damages caused the negligence of her thirteen year old half-sister, also a named insured, or her own negligence, Steadman stood to gain nothing but responsibility for increased premiums. The situation is no different than if Steadman’s half-sister had driven into a car she was borrowing from a friend or neighbor.
Under the terms of the Mississippi Farm Bureau liability policy, Steadman’s thirteen year old half-sister, Beth Williams, is also a named insured. Since she was driving the insured vehicle, albeit with Steadman’s permission, coverage must be afforded from her perspective. Under no stretch of the imagination was Beth Williams, a child driving the Steadman vehicle without a license, “in control of’ Capital Services’s vehicle.
Capital Services has a viable claim of negligence against Beth Williams, an unlicensed, under-age driver. Likewise, it probably has a claim against Steadman for negligently permitting a child to operate her vehicle. Therefore, Steadman has a right to file a claim with her insurer to request payment to Capital Services for damages caused by the negligence of its insured. It is, at least, a question for a jury to decide. Accordingly, I dissent.
DAN M. LEE, P.J., and SULLIVAN, J., join this opinion.